**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**CEDRIC GOLSTON,**

                            **Petitioner,**

  v.                                                  **Civil Action No.**
                                                          **9:08-CV-420 (NAM)**

**DALE ARTUS,**

                            **Respondent.**

**APPEARANCES:**

**CEDRIC GOLSTON, 02-A-3634**
**Petitioner** *Pro Se*
**Clinton Correctional Facility**
**P.O. Box 2001**
**Dannemora, New York 12929-2002**

**NORMAN A. MORDUE**
**CHIEF UNITED STATES DISTRICT  JUDGE**

## ORDER

**I.**      **Background**

The Clerk has sent to the Court a petition for a writ of habeas corpus brought by Petitioner Cedric Golston pursuant to 28 U.S.C. § 2254, together with a memorandum of law, an application to proceed *in forma pauperis,* and a motion requesting that this petition not be treated as a "second or subsequent" petition. Dkt. Nos. 1-4.  Petitioner, who is currently incarcerated at Clinton Correctional Facility, has paid the required filing fee.  For the reasons set forth below, this habeas corpus petition is being referred to the United States Court of Appeals for the Second Circuit.

## II.     **Petition**

In his petition, Golston complains of a judgment of conviction rendered in Schenectady County Court on April 25, 2002. Petitioner was found guilty after a jury trial of first degree robbery (three counts), second degree robbery, second degree grand larceny, fourth degree grand larceny, first degree unlawful imprisonment (two counts) and second degree criminal possession of a weapon. Dkt. No. 1, at 1. Golston states that he was sentenced to a term of "27 2/3 to 33 years" in prison. *Id.* The Appellate Division, Third Department, is alleged to have affirmed this conviction on December 23, 2004, and the Court of Appeals is claimed to have denied Petitioner leave to appeal on July 12, 2005. *Id.* at 2. Golston also states that he filed state collateral applications challenging his conviction under New York's Criminal Procedure Law ("CPL") § 440.10 that were denied on May 7, 2003 and May 2, 2006. *Id.* at 4; Dkt. No. 2, Mem. at 5. Additionally, Golston states that he filed a habeas corpus petition in the "Northern District Court of the United States." The petition was "denied in part" on February 27, 2008, but Golston claims that "the second point has yet to be adjudicated." *Id.* at 3.

Golston previously filed a habeas petition challenging this conviction on August 14, 2006.[1] The petition was referred to District Judge James K. Singleton, Jr. *See Golston v.*

---

[1] Golston also filed a habeas petition on September 15, 2003, which was referred to Magistrate Judge David R. Homer. *Golston v. Artus*, No. 03-CV-1131. Golston did not challenge his underlying conviction in that petition. Instead, Golston claimed that the Appellate Division arbitrarily denied his application for bail pending the appeal of the denial of a CPL §440 motion. In a Report and Recommendation dated October 25, 2004, Judge Homer recommended the denial of the petition because Golston did not show that "no rational basis existed for denying him bail." Dkt. No. 18, at 6. District Judge David N. Hurd approved the recommendation and ordered the petition denied and dismissed on January 14, 2005. *Id.* at Dkt. Nos. 19, 20.

*Artus*, No. 06-CV-983. Golston claimed that the trial court lacked personal jurisdiction over him because the judge who arraigned him (Judge Eidens) recused himself from the proceedings, "thereby nullifying his arraignment" and rendering "all subsequent proceedings . . . null and void." *Id.* at Dkt. No. 25 at 2; Dkt. No. 1, at 5; Mem. at 2-25. Golston also claimed that "subsequent judgments of Judge Hoye" (the trial court judge) could not "rest considering the invalidity of the proceedings which proceded [sic] thereon." Dkt. No. 1 at 5. Judge Singleton denied the petition in a Memorandum Decision dated February 27, 2008, holding that Golston's argument that the Albany County Court lacked jurisdiction over him under New York law failed to state a claim for federal habeas relief. Dkt. No. 25 at 4. Judge Singleton also ruled that the Appellate Division's decision that Golston's participation in a hearing and at trial constituted submission to County Court's jurisdiction, even though the arraignment and plea were voided by virtue of the arraignment judge's statutory disqualification, was consistent with Supreme Court precedent. *Id.* at 3-4 (citing *Garland v. State of Washington*, 232 U.S. 642, 646-47 (1914).

In his current petition, Golston again argues that "subsequent judgments of Judge Hoye" cannot "rest considering the invalidity of the proceedings which proceeded thereon." Dkt. No. 1 at 5. As Golston acknowledges, this claim is virtually identical to that raised in his August 14, 2006 petition. *See Golston v. Artus*, No. 06-CV-983, Dkt. No. 1, at 5, Mem. at 12-21.

In addition to establishing a statute of limitations for habeas petitions, the AEDPA also placed restrictions upon the filing of second or successive petitions. The AEDPA requires individuals seeking to file a second or successive habeas corpus petition to obtain leave of the

3

appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. *See* 28 U.S.C. §§2244(b)(1), (b)(2), and (b)(3). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Bryant v. Donnelly*, No. 02-CV-1271, 2007 WL 405854, at *4 (N.D.N.Y. Feb. 1, 2007)(Kahn, D.J. and DiBianco, M.J.)(quoting *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003)("[T]he authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived.").

The Second Circuit has stated that when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit for review under the statute. *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

The petition now pending is clearly a second or successive petition. Golston has moved this Court to find, however, that his petition is not a second or successive petition. Dkt. No. 4. Golston claims that Judge Singleton ruled on only one of his claims - that County Court lacked personal jurisdiction over him. *Id.* at 1-2. He further argues that since he was entitled to adjudication on each of his claims, he should not be required to obtain authorization from the Second Circuit in order to proceed with his petition. *Id.* at 3-4. Judge Singleton's Memorandum Decision clearly states, however, that Golston was "not entitled to relief on *any* of the grounds raised in his petition." *Golston v. Artus*, 06-CV-983, at 5 (emphasis added). Since the claim now raised is nearly identical to one of the claims raised in the previous petition, and each claim raised in the previous petition was adjudicated on the merits, Golston's current petition is a second or successive petition within the meaning of 28 U.S.C.

4

§2244. *See Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002)("Thus our distinction between petitions that are denied "on the merits" and those that are not does not depend on whether the federal court actually determined the merits of the underlying claims but rather on whether the prior denial of the petition conclusively determined that the claims presented could not establish a ground for federal habeas relief.").

Golston relies on the Supreme Court's decision in *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) for the proposition that where a claim has never been adjudicated on the merits, the AEDPA's restriction on second or successive petitions does not apply. Dkt. No. 4 at 4.  In *Martinez-Villareal*, the Supreme Court explained that the denial of a habeas petition for technical reasons, such as the failure to exhaust state court remedies or the dismissal of a claim as premature, did not bar a petitioner from ever obtaining habeas review on that claim. *Id.* at 645-46.  Martinez-Villareal's claim that he was incompetent to be executed, raised for a second time after it had been dismissed by the District Court of Arizona as premature, was therefore not a second or successive petition under the AEDPA because there had been no adjudication of the competency claim on the merits. *Id.* at 644-45.  Here, in contrast, each of the claims raised in Golston's previous petition were adjudicated on the merits. Dkt. No. 4 at 3. *See Graham*, 299 F.3d at 133. Thus, *Martinez-Villareal* is inapposite.

Golston's reliance on *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002) is similarly misplaced.  In *Ching*, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2241 after an initial motion to vacate sentence under 28 U.S.C. § 2255 was denied but before the appeal of that denial was adjudicated.  The Second Circuit explained that under these circumstances, the second motion should be treated as a motion to amend the pending motion

5

to vacate sentence, and not as a second or successive motion under the AEDPA. *Id.* at 177-78. Here, even assuming that the ruling in *Ching* applies to a section 2254 petition, Judge Singleton's decision denying habeas relief was final when Golston filed this petition.

Finally, Golston cites *Mancuso v. Herbert*, 166 F.3d 97 (2d Cir. 1999), *cert. denied* 527 U.S. 1026 (1999) for the proposition that where a claim has never been adjudicated on the merits, the AEDPA's restriction on second or successive petitions does not apply. Dkt. No. 4 at 4. While the Second Circuit in *Mancuso* so stated, citing to the Supreme Court's ruling in *Martinez-Villareal,* it found that the petitioner's claims constituted a second or successive application under the AEDPA because they were "earlier denied on the merits by a federal court..." *Id.* at 101. Thus, the ruling in *Mancuso* supports the transfer of Golston's petition to the Second Circuit.

Since Golston has previously filed a petition seeking habeas relief under section 2254 concerning the conviction at issue, and raised nearly identical grounds in each petition, his motion that his petition not be treated as a second or subsequent petition is denied. The petition is hereby transferred to the Second Circuit Court of Appeals pursuant to 28 U.S.C. §§2244(b)(1), (b)(2), and (b)(3) and *Liriano*.

### III. Application to proceed in forma pauperis

This Court makes no ruling as to the petitioner's *in forma pauperis* application, thereby leaving that determination to the Second Circuit.

**WHEREFORE**, it is hereby

6

**ORDERED**, that Golston's motion that his petition not be treated as a second or successive petition (Dkt. No. 4) is **denied**, and it is

**ORDERED**, that the Clerk transfer this matter to the United States Circuit Court for the Second Circuit for a determination under section §2244(b)(3)(A) as to whether Golston should be authorized to file a second or successive habeas petition in the District Court, and it is

**ORDERED**, that the Clerk serve a copy of this Order on Golston.

**IT IS SO ORDERED.**

Dated: April 24, 2008

_____
Norman A. Mordue
Chief United States District Court Judge